Filed 11/7/25; Certified for Publication 12/3/25 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| RANCHO CUCAMONGA CENTRAL SCHOOL DISTRICT, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; KRISTOPHER FLOWERS et al., Real Parties in Interest. | E084855 (Super.Ct.No. CIVSB2225076) OPINION |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Joseph T. Ortiz, Judge. Granted.

Schumann Arevalo, Eric Arevalo, Jeffrey P. Cunningham, and David P. Reid; Dolen Tucker Tierney & Abraham and Raymond F. Dolen, for Petitioner.

No appearance for Respondent.

Walkup, Melodia, Kelly & Schoenberger, Khaldoun A. Baghdadi, Valerie N. Rose, and Kelly L. Ganci; Esner, Chang, Boyer & Murphy and Holly N. Boyer, for Real Party in Interest, Kristopher Flowers.

Real party in interest Kristopher Flowers alleges that the director of his school's childcare program sexually abused him when he was a minor. Flowers sued several parties, including petitioner Rancho Cucamonga Central School District (the district). The district moved for summary judgment or summary adjudication of the four causes of action asserted against it. The trial court granted summary adjudication to the district as to two causes of action but denied it as to the other two. The district sought writ relief as to the partial denial.

Our order to show cause limited the issues to Flowers's fourth cause of action, which asserts a claim for negligent supervision. We find the district is entitled to summary adjudication of that cause of action and therefore grant the petition.

FACTS

Flowers was a student at one of the district's middle schools for sixth, seventh, and eighth grade between 1999 and 2002. During this time, he attended a childcare program before and after school. Defendant West End Young Men's Christian Association (West End YMCA) operated the program on Flower's school campus. West End YMCA employed defendant Christine Johnson as the program director. The national entity with which West End YMCA is affiliated is defendant National Council of YMCAS of the USA dba YMCA of the USA (YMCA USA).

2

Flowers alleges Johnson repeatedly sexually abused him during the 2001-2002 school year on the school campus and at her residence. His complaint, filed in November 2022, alleges seven causes of action: (1) negligence; (2) intentional infliction of emotional distress; (3) negligent hiring/retention; (4) negligent supervision/failure to warn; (5) battery; (6) sexual battery; and (7) failure to perform mandatory duties. The first, third, fourth, and seventh causes of action are asserted against the district. The first cause of action alleges the district (as well as West End YMCA and YMCA USA) negligently breached a duty to supervise *students*, while the fourth cause of action alleges negligent breach of a duty to supervise *Johnson*.

The district moved for summary judgment or summary adjudication. The trial court denied summary judgment, granted summary adjudication as to the third and seventh causes of action, and denied summary adjudication as to the first and fourth causes of action.

The district petitioned for writ relief from the partial denial of its motion.

DISCUSSION

We ordered the parties to show cause why we should not grant the district relief on Flowers's fourth cause of action. Thus, the trial court's denial of summary adjudication as to the first cause of action, based on allegedly negligent supervision of Flowers, is not at issue here. Also, Flowers clarifies in his return that the "failure to warn" aspect of his fourth cause of action is limited to West End YMCA and is not asserted against the

3

district.  Our only question here, then, is whether there are triable issues as to the district's alleged negligent supervision of Johnson.

"Summary adjudication works the same way as summary judgment, 'except it acts on specific causes of action or affirmative defenses, rather than on the entire complaint.'" (*Oroville Hospital v. Superior Court* (2022) 74 Cal.App.5th 382, 398.)  "'A summary adjudication is properly granted only if a motion therefor completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty.'" (*Id.* at pp. 398-399; see Code Civ. Proc., § 437, subd. (f)(1).)

"A party challenging denial of summary judgment [or summary adjudication] may do so by writ petition." (*San Antonio Regional Hospital v. Superior Court* (2024) 102 Cal.App.5th 346, 350; see Code Civ. Proc., § 437c, subd. (m)(1).)  "'Where the trial court's denial of a motion for summary judgment [or summary adjudication] will result in trial on nonactionable claims, a writ of mandate will issue.'" (*CRST, Inc. v. Superior Court* (2017) 11 Cal.App.5th 1255, 1259-1260.)  We review the trial court's decision de novo, determining independently whether the undisputed material facts support summary adjudication.  (*Id.* at p. 1260; *Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.)

Our Supreme Court articulated the standard applicable to Flowers's fourth cause of action in *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861 (*C.A.*).  "[A] school district is liable for the negligence of supervisory employees who 'knew or should have known of [a school employee's] dangerous propensities, but nevertheless hired, retained and failed to properly supervise' the employee." (*Roe v.*

4

*Hesperia Unified School District* (2022) 85 Cal.App.5th 13, 25 (*Roe*), quoting *C.A.* at p. 875.) Thus, the school district may be liable for hiring, supervising, or retaining an employee if the district's supervisory personnel had actual or constructive knowledge of the employee's dangerous propensities. (*Roe*, at p. 26.) "Constructive knowledge is knowledge that 'may be shown by circumstantial evidence "which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts."'" (*Ibid.*)

Applying *C.A.* to the undisputed facts here, the lack of any evidence that any district employees had either actual or constructive knowledge of Johnson's dangerous propensities is fatal to Flowers's claim.[1] The undisputed facts show no district employee, let alone a supervisor, witnessed any of the alleged sexual assaults or inappropriate behavior by Johnson, and Flowers did not report them to anyone during his time at the middle school. There also is no evidence any district employee observed anything that reasonably should have triggered suspicion of abuse to justify an inference of constructive knowledge.

---

[1] We need not decide whether Johnson's status as a West End YMCA employee, rather than one of the district, is an independent reason why the district is entitled to summary adjudication on Flowers's fourth cause of action. *C.A.* held that a school district may be liable for such things as negligent hiring, retention, or supervision of an *employee*. (*C.A.*, *supra*, 53 Cal.4th at pp. 865, 879.) It did not consider whether the district has a duty to supervise someone like Johnson, who was not a district employee, but employed by a third party to operate a program for district students on district property. Either way, the lack of any evidence the district had actual or constructive knowledge of Johnson's behavior would lead to the same result.

The facts of *Roe* provide a useful contrast. In *Roe*, this court found the complaint stated a claim against the defendant school district for negligent supervision of a school janitor who had sexually abused students. (*Roe*, *supra*, 85 Cal.App.5th at p. 31.) The plaintiffs had not alleged the defendant district had actual knowledge of the abuse. (*Id.* at p. 28.) But they had alleged that "two principals, one of whom was also a school district director, and an assistant principal witnessed plaintiffs sitting on [the janitor's] lap and [the janitor] escorting plaintiffs across campus to empty rooms," in violation of school policy about being alone with students in rooms with closed doors and having physical contact with students. (*Id.* at p. 30.) We found these alleged facts sufficient to state a claim for negligent supervision of the janitor by demonstrating constructive knowledge of abuse by district supervisory personnel. (*Id.* at p. 31.) Here, in contrast, there is no evidence any district employee saw Johnson do anything abusive or inappropriate, or giving rise to suspicion of abuse or inappropriate behavior. Thus, the district is entitled to summary adjudication on Flowers's cause of action for negligent supervision of Johnson.

Flowers's arguments for a contrary conclusion muddle together the standard for a claim the district negligently supervised *students* with the standard for a claim based on negligently supervising an *employee* (or, in this case, a non-employee operating a program for district students on a district campus). With respect to a claim that the district negligently failed to supervise students, "plaintiffs must allege facts demonstrating that school personnel failed to exercise ""'ordinary prudence.'""" (*Roe*,

6

*supra*, 85 Cal.App.5th at p. 29, quoting *C.A.*, *supra*, 53 Cal.4th at p. 869.) ""Either a total lack of supervision [citation] or ineffective supervision [citation] may constitute a lack of ordinary care on the part of those responsible for student supervision.""" (*Roe*, at p. 29, quoting C.A., at p. 869.) That standard applies only to Flowers's first cause of action, based on allegedly negligent supervision of students, which we excluded from this proceeding in our order to show cause. It is not the standard applicable to the cause of action at issue.

Because there is no triable issue of material fact as to whether the district had actual or constructive knowledge of the alleged abuse by Johnson, the district is entitled to summary adjudication on Flower's fourth cause of action.

## DISPOSITION

The petition for writ of mandate is granted. Let a writ of mandate issue directing the superior court to (1) vacate its order on the district's motion for summary judgment or summary adjudication, and (2) enter a new order granting the district summary adjudication as to Flowers's third, fourth, and seventh causes of action, and denying the district's motion in all other respects.

The district is awarded its costs per Rules of Court, rule 8.493(a)(1)(A).

RAPHAEL

J.

We concur:

McKINSTER

Acting P. J.

MENETREZ

J.

8

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| RANCHO CUCAMONGA CENTRAL SCHOOL DISTRICT,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,<br><br>    Respondent;<br><br>KRISTOPHER FLOWERS et al.,<br><br>    Real Parties in Interest. | E084855<br><br>(Super.Ct.No. CIVSB2225076) |

Requests having been made to this court pursuant to California Rules of Court, rule 8.1120(a) for publication of a nonpublished opinion heretofore filed in the above-entitled matter on November 26, 2025, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b). The opinion filed in this matter on November 7, 2025, is certified for publication.

CERTIFIED FOR PUBLICATION

                                                RAPHAEL_____
                                                        J.

We concur:

McKINSTER_____
       Acting P. J.

MENETREZ_____
             J.